## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **JORDAN TISDALE,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **Sonic Industries, LLC,** | ) |
| Defendant, | ) |
| **Sonic Industries Services, LLC,** | ) Case No. _____ |
| Defendant, | ) |
| **Inspire Brands, Inc.** | ) |
| Defendant, | ) |
| **Sonic Franchising, LLC**, | ) |
| Defendant, | ) **REQUEST FOR JURY TRIAL** |
| **SDI of State Avenue, LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Jordan Tisdale ("Plaintiff"), by and through his undersigned counsel, and for his Complaint against Defendants SDI of State Avenue, LLC (hereinafter, "Defendant SDI"), Inspire Brands, Inc. (hereinafter, "Defendant Inspire"), Sonic Industries Services, LLC (hereinafter, "Defendant Services"), Sonic Franchising, LLC (hereinafter "Defendant Franchising"), Sonic Industries, LLC (hereinafter, "Defendant Industries") (hereinafter, collectively, "Defendants") alleges and states as follows:

- 1 -

## Parties and Jurisdiction

1. Plaintiff is a citizen of the United States, residing in the state of Kansas and, at all times pertinent to this Complaint, was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

2. Defendant SDI is a limited liability company organized under the laws of the state of Kansas.

3. At all times pertinent to this Complaint, Defendant SDI was an "employer" and a "person" within the meaning of the ADA.

4. Defendant Inspire is a for-profit corporation incorporated under the laws of the state of Delaware and having its headquarters in the state of Georgia.

5. At all times pertinent to this Complaint, Defendant Inspire was an "employer" and a "person" within the meaning of the ADA.

6. Defendant Services is a limited liability company organized under the laws of the state of Oklahoma and licensed to do business in the state of Kansas.

7. At all times pertinent to this Complaint, Defendant Services was an "employer" and a "person" within the meaning of the ADA.

8. Defendant Franchising is a limited liability company organized under the laws of the state of Delaware and licensed to do business in the state of Kansas.

9. At all times pertinent to this Complaint, Defendant Franchising was an "employer" and a "person" within the meaning of the ADA.

10. Defendant Industries is a limited liability company organized under the laws of the state of Delaware and licensed to do business in the state of Kansas.

11. At all times pertinent to this Complaint, Defendant Industries was an "employer" and a "person" within the meaning of the ADA.

12. Defendants were Plaintiff's joint potential employers.

13. Although Plaintiff applied to work directly for Defendant SDI, had he been hired, the other Defendants would have exercised significant control over his employment.

14. Upon information and belief, Defendants shared and co-determined the essential terms and conditions of Plaintiff's employment.

15. Upon information and belief, each of Defendants would have had the power to terminate Plaintiff's employment.

16. Upon information and belief, each of Defendants would have exercised significant control over Plaintiff and other employees.

17. Upon information and belief, each of Defendants would have promulgated work rules that governed Plaintiff's employment.

18. Upon information and belief, each of Defendants would have set the conditions of employment for Plaintiff, including compensation, benefits, and hours.

19. Upon information and belief, each of Defendants would have controlled the day-to-day supervision of Plaintiff's employment, including his discipline.

20. Upon information and belief, each of Defendants would have controlled Plaintiff's employment records, including payroll records and insurance records.

21. This is an employment discrimination lawsuit based upon and arising under the ADA.

22. The unlawful acts and practices set forth below were committed within the state of Kansas.

23. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

## Administrative Procedure and Procedural Posture

24. On or about December 13, 2022, Plaintiff timely filed Charges of Discrimination against the Defendants, which were filed with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of Plaintiff's disability and/or Plaintiff's record of disability and/or Defendants' perception that Plaintiff is disabled, and unlawful retaliation. (A true and accurate copy of the Charges are attached as Exhibit A and incorporated by reference as if fully set forth herein).

25. On or about September 27, 2023, the EEOC issued to Plaintiff Notices of Right to Sue. (A true and accurate copy of the Notices are attached as Exhibit B and incorporated by reference as if fully set forth herein). This action is brought within ninety (90) days of receipt of said Notice.

26. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

27. Through the filing of Plaintiff's Charge of Discrimination, Defendants were afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

28. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## General Allegations Common to All Counts

29. Plaintiff has Attention-Deficit Hyperactivity Disorder (ADHD) and a learning disability/processing disorder that substantially limits one or more of his major life activities, including learning, processing information, communication and speech.

30. Plaintiff previously worked for Defendants at their location at 920 State Ave, Kansas City, KS 66101 from about September of 2020 until December of 2020.

31. Plaintiff was eligible for re-hire.

32. In or around the beginning of August in 2022, Plaintiff applied online to work for Defendants, after his aunt who worked there, Jamie Marion, informed Plaintiff that the location needed help and was hiring.

33. Plaintiff never received a call back regarding his application from Defendants.

34. On August 15, 2022, Plaintiff went to Defendants' location at 920 State Ave and asked about the status of his application.

35. Jamie Marion, Plaintiff's aunt, told Plaintiff to wait outside while she informed a manager about Plaintiff's request for a status update on Plaintiff's application.

36. In response to Plaintiff's request, the manager blurted out "oh, the slow one," referring to Plaintiff's disabilities (or perceived disabilities).

37. The manager said this in front of the other staff who worked at the restaurant, including Plaintiff's aunt, Marion.

38. Marion informed the manager that this was not acceptable to say and that Plaintiff was her nephew.

39. Marion came out and told Plaintiff that the manager was not coming out.

40. Marion told Plaintiff what had happened.

41. When Marion went back into the restaurant, her manager threatened to fire her for telling Plaintiff what the manager had said.

42. Later, the manager claimed that she had meant slow like a snail.

43. However, when Plaintiff had previously worked at that location, that manager had commented that Plaintiff "worked circles around" her.

44. Plaintiff was always very fast at his job and there were never any issues or complaints about his speed.

45. Upon information and belief, the manager made the statement about Plaintiff's speed to try to cover up her admission of discrimination against Plaintiff.

46. Plaintiff has never received any further contact about the job and has not been hired for the job.

### COUNT I - DISPARATE TREATMENT IN VIOLATION OF THE ADA

47. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs.

48. Plaintiff is disabled, as defined by the ADA, at all relevant times herein and/or Plaintiff had a record of a disability and/or Defendant regarded Plaintiff as being disabled.

49. Specifically, Plaintiff has a condition which substantially limits his major life activities.

50. At all relevant times, Defendants were aware that Plaintiff had an impairment and a record of having such impairments.

51. Plaintiff is a qualified individual as defined by the ADA, due to his disability and/or his record of disability and/or Defendants' perception that Plaintiff is disabled.

52. Plaintiff could perform the essential functions of his job duties for Defendants with or without reasonable accommodation.

53. Defendants unlawfully and intentionally discriminated against Plaintiff based upon his disability and/or because of his record of disability and/or because they regarded him as disabled, and acted in bad faith by interfering with, recklessly disregarding, and denying him legal rights when they failed to rehire Plaintiff.

54. Plaintiff's disability and/or Plaintiff's record of disability and/or Defendants' perception that Plaintiff is disabled, was a motivating factor in Defendants' decision to constructively discharge Plaintiff.

55. Defendants' actions and/or omissions constitute a pattern or practice of discriminatory behavior.

56. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

57. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

58. Defendants' actions were malicious and were committed with reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

59. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants, jointly and severally, for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II - RETALIATION IN VIOLATION OF THE ADA

60. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs.

61. Plaintiff is disabled and/or has a record of a disability and/or Defendants regarded him as disabled, as defined by the ADA, at all relevant times herein.

62. Plaintiff is a member of a protected class because of his disability and/or because he has a record of a disability and/or because he was regarded as being disabled.

63. Plaintiff opposed discriminatory treatment.

64. In retaliation against Plaintiff's opposition to discrimination in connection with Plaintiff's disability, Defendants refused to rehire Plaintiff.

65. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

66. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

67. Defendants' actions were malicious and were committed with reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

68. By failing to take prompt and effective remedial action, Defendants, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants, jointly and severally, for economic damages, including, but not limited to: back

pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,
EDELMAN, LIESEN & MYERS, L.L.P.

 /s/Sarah Liesen
Sarah Liesen,                KS # 26988
sliesen@elmlawkc.com
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Telephone: (816) 533-4976
Facsimile: (816) 463-8449

ATTORNEY FOR PLAINTIFF